Opinion issued April 12, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00718-CR

———————————

GEORGE
HENRY SIMPSON, Appellant

V.

THE STATE
OF TEXAS, Appellee



 



 

On Appeal from the County Court at Law No. 2

Galveston County, Texas



Trial Court Case No. 303680

 



 

MEMORANDUM OPINION

          A
jury convicted appellant, George Henry Simpson, of deceptive business practices.[1] The trial court assessed
punishment at 365 days’ confinement, suspended the sentence, placed appellant
on community supervision for two years, and ordered that he pay restitution of
$7,500 and a $750 fine. Appellant raises two issues on appeal, contending that
the evidence is insufficient to establish mental culpability and that the trial
court erred in denying his motion for an instructed verdict. Because the
evidence is insufficient to sustain appellant’s conviction, we reverse and
render a judgment of acquittal.

Background

          Aleitha Sykes’s Galveston
County home was damaged by Hurricane Ike. After learning that appellant, a
police officer, was moonlighting as a contractor, Aleitha
hired him to repair her home. Aleitha did not sign a
contract, but appellant provided her with a “Contractor’s Invoice” listing the
specific tasks he would perform. The invoice established $40,000 as the cost for
those tasks. Aleitha paid appellant $35,500 up front,
leaving $4,500 unpaid. 

          Appellant
began work in November 2008 and continued to make repairs to the seven-room
home until June 2009. During that time, appellant gutted the interior and
removed debris, replaced the floor decking in four rooms, laid tile in three
other rooms, hung sheet rock in five rooms, painted in six rooms, and installed
certain bath fixtures in the master bathroom. According to Aleitha,
however, other tasks were not completed before appellant walked off the job,
including the installation of (1) a new roof; (2) the sink, light fixture,
cabinets, and countertops in the kitchen; (3) the carpet and closet shelves and
racks in the master bedroom; (4) the carpet and closet doors in a second
bedroom; and (5) various base boards throughout the house. Aleitha
and her husband completed the unfinished work on their own, financing their
work with a home-equity loan.   

In the weeks after appellant
stopped work on the home, Aleitha sent him a
certified letter demanding he finish the agreed upon work, which letter was
unclaimed by appellant, and then sought repayment from appellant and restitution
from his insurers. In August 2009, she filed a “citizen’s complaint” against
appellant with the Galveston Police Department. The responding officer prepared
a report, which he forwarded to the district attorney’s office. Thereafter, appellant
was charged by information with “intentionally and knowingly, or recklessly
selling to Aleitha Sykes less than the represented
quantity of a property or service, by failing to deliver labor and/or material
he had a duty to deliver.” After a two-day trial, the jury found appellant
guilty.     

Sufficiency of the Evidence

          In his
first issue, appellant argues that the State’s evidence was insufficient to establish
the mental culpability required to sustain his conviction for deceptive
business practices. After reviewing the evidence under the singular standard for
sufficiency-of-the-evidence challenges—the Jackson standard—we agree. See Ervin v. State,
331 S.W.3d 49, 52–55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (construing Brooks
v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010) and applying Jackson v.
Virginia, 443 U.S. 307, 99
S. Ct. 2781 (1979)).            

          Section 32.42 of the Penal
Code criminalizes deceptive business practices. See Tex. Penal
Code Ann. § 32.42(b) (West 2011).
“A person commits an offense if in the course of business he intentionally,
knowingly, [or] recklessly . . . commits one or more of the following deceptive
business practices: . . . (2) selling less than the
represented quantity of a property or service[.]” Id. To convict appellant, the State was required to prove not only the
act prohibited by section 32.42(b) but also the requisite criminal state of
mind. See Bounds v. State, 355 S.W.3d
252, 255 (Tex. App.—Houston [1st Dist.] 2011, no pet.); Blackman v. State, 349 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.]
2009), rev’d on other grounds, 350 S.W.3d 588 (Tex.
Crim. App. 2011).  

After the State secured appellant’s
conviction, this Court decided Bounds—determining
the standards for proof of mental culpability as a matter of first impression in
a factually-similar deceptive business practices case. See 355 S.W.3d at 255−56. The Bounds jury charge, like the one here, only inquired whether the
appellant had intentionally, knowingly, or recklessly engaged in conduct
constituting an offense under section 32.42. Id. at 255 n.2. Noting that sufficient
proof of at least recklessness was required to sustain the appellant’s
conviction, we held that the State was required to present evidence of
circumstances from which a rational jury could infer that the “appellant was
aware of but consciously disregarded a substantial and unjustifiable risk that
the result (here the sale of less than the represented quantity of property or
services) would occur.” Id.
at 256 (citing Tex. Penal Code Ann. §§ 6.03(c), 32.42(b)
(West 2011)); see also Tex. Penal Code Ann. § 6.02(e) (West 2011) (“Proof of a higher degree
of culpability than that charged constitutes proof of the culpability
charged.”). We declined to determine whether the State was
required to prove a culpable mental state at the time the contract for services
was entered or at the time the appellant chose not to perform the services
because there was insufficient evidence to show the appellant had a culpable
mental state at either time. Bounds, 355 S.W.3d at 255−56.
Appellant asserts—and the State concedes—that the evidence here is likewise
insufficient to prove appellant had a culpable mental state at either time.

          As we
did in Bounds, we consider the
following four factors to determine whether there is more than a “modicum” of
evidence that appellant’s conduct was at least reckless—specifically, (1) whether
the act, when viewed objectively at the time of its commission, created a
“substantial and unjustifiable” risk of the type of harm that occurred, (2) whether
that risk was of such a magnitude that disregard of it constituted a gross
deviation from the standard of care that a reasonable person would have
exercised in the same situation, (3) whether appellant was consciously aware of
that risk, and (4) whether he consciously disregarded that risk. Id. at 256. “In
other words, the State was required to prove that appellant ‘actually foresaw
the risk and consciously decided to ignore it.’” Id. (citing Williams v. State,
235 S.W.3d 742, 755−56 (Tex.
Crim. App. 2007) for proposition that “it is that ‘devil may care’ or ‘not
giving a damn’ attitude that raises conduct from criminal negligence to
recklessness)).  

Assuming the “Contractor’s Invoice”
was a commitment by appellant to deliver the listed materials and services,
there is no evidence suggesting that appellant had a culpable mental state at
the time he gave the invoice to Aleitha. For the
approximately seven months following Aleitha’s initial
payments, appellant performed work at the home. He gutted the interior of the
home and removed the debris, replaced the decking on the damaged floors in four
of the home’s seven rooms, tiled in three other rooms, hung sheetrock in five
rooms, painted six rooms, and installed a shower-tub combination and other
plumbing fixtures in at least one of the home’s two bathrooms. Appellant was
bonded and insured. Just as in Bounds,
there is no evidence that his finances “were such to require him to receive an
immediate infusion of cash through . . . advanced payment or that he obtained
the contract through an inordinately low bid.” Bounds, 355 S.W.3d at 256. No rational
juror could infer from these circumstances that appellant did not intend to
provide the agreed services and materials at the time he gave Aleitha the “Contractor’s Invoice.” 

When he stopped working on the home,
appellant had received almost 89% of the price stated in the “Contractor’s
Invoice” but had not completed 89% of the work. Nothing in the record, however,
supports a reasonable inference that appellant had a “devil may care” attitude
toward the completion of the repairs to Aleitha’s
home. There is no evidence that appellant demanded additional payment beyond
the agreed price for the invoiced materials and labor. Aleitha
noted in her June 2009 demand letter that appellant had “given several reasons
for delays, including: waiting on a particular electrician [and] complications
with [appellant’s] health.” And the “Contractor’s Invoice” did not specify the
order in which the materials were to be delivered or the repairs were to be
made by appellant. Although Aleitha testified that
she incurred additional costs in completing the work left unfinished by appellant,
she could not tell the jury how much cost she had incurred. She explained that
she spent about $4,000 on the roof; however, an additional $4,500 was still due
on the contract price. Her only other testimony with respect to additional
costs was her statement that she “had to take out a second mortgage, an equity
loan.” 

On this record, we cannot conclude
that there is even a “modicum” of evidence that appellant “was aware of but
consciously disregarded a substantial and unjustifiable risk that the result
(here the sale of less than the represented quantity of property or services)
would occur.” Id.
at 256. Consequently, we sustain appellant’s first issue. Our disposition
of appellant’s first issue makes it unnecessary to decide his second issue. 

Conclusion

          Having
concluded that the evidence is insufficient to sustain appellant’s conviction,
we reverse the judgment of the trial court and render a judgment of acquittal.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish. Tex. R.
App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
32.42(b)(2) (West 2011).